NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES E. CLAVIN, : : Plaintiff, : : v. : : JOHN E. POTTER, POST MASTER : GENERAL, : : Defendant. | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 05-CV-2812 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by John E. Potter, the Postmaster General ("Defendant"), to dismiss the Complaint filed by James E. Clavin ("Plaintiff"), for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **denied** in part and **granted** in part.

**I. BACKGROUND**

Plaintiff is an employee of the United States Postal Service ("Postal Services") and was employed by the Postal Services at the time his alleged claims arose. (Plaintiff's Complaint at ¶ 2). Plaintiff alleges he was discriminated against by Defendant due to his age and his disability. (Id. at ¶ 4). Plaintiff also alleges Defendant violated an agreement reached as a result of mediation and took retaliatory actions against him as well. (Id. at ¶ 5). On or about April 28, 2004, Plaintiff presented an administrative claim to the Postal Service's Equal Employment

Opportunity Office, Agency Case Number 4A-088-0011-04.  (Defendant's Answer at ¶ 3).  Before the Equal Employment Office, Plaintiff's sole allegation was that he had been discriminated against one time when he had been told to leave the building because there was no work available for him to do.  (Id.)  The Postal Service's Equal Opportunity Office issued its final decision on April 27, 2005, denying Plaintiff's claim.  (Id.)  Plaintiff filed a Complaint in Federal Court on May 23, 2005, which Defendant know requests this Court to dismiss.

## II. DISCUSSION

### A. Standard of Review under Rule 12(b)(1)

A party challenging a Federal Court's subject matter jurisdiction pursuant to Rule 12(b)(1) differs from a challenge made pursuant to Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.  Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997).  Rule 12(b)(1) does not afford a plaintiff the benefit of all the procedural safeguards provided by Rule 12(b)(6) and Rule 56.  Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999); (citing, Kehr Packages, Inc. v. Fidelcor, Inc., 926 F2d 1406, 1409 (3d Cir. 1991)).  Rule 12(b)(1) motions attack a plaintiff's right to even be heard in federal court.  Id.  There are two types of Rule 12(b)(1) motions, those that "attack the complaint on its face," and those "that attack the existence of subject matter jurisdiction in fact, quite apart from any pleading."  Martinez v. United States Post Office, 875 F.Supp. 1067, 1070 (D.N.J. 1995).  The types of procedural safeguards available depend on the type of Rule 12(b)(1) motion presented to the court.  The facial attack offers safeguards to plaintiff similar to a Rule 12(b)(6) motion and the allegations of the complaint are considered to be true.  Mortensen v. First Federal Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977).

For attacks on the existence of subject matter jurisdiction, no presumption of truthfulness attaches to a plaintiff's allegations. Id. Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion does not have to be limited, conflicting written and oral evidence may be considered, and a court may "decide for itself the factual issues which determine jurisdiction." Martinez, 875 F. Supp. at 1070 (quoting, Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert denied, 454 U.S. 897 (1981)). A Federal Court has the broad power to determine whether or not it has jurisdiction to hear a case and it may make factual findings which are decisive to the issue of jurisdiction. Id. at 1071. The burden of showing subject matter exists falls on the party seeking to invoke it. Id. In this case, Defendant attacks the Plaintiff's Complaint on its face, challenging the existence of subject matter jurisdiction and does not address the merits of the case.

### B. Subject Matter Jurisdiction

Pursuant to Article III of the United States Constitution, Federal Courts have limited jurisdiction to adjudicate cases and controversies. See, U.S. Const. Art. III, § 2; see also, Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998). Unless affirmatively demonstrated, a Federal Court is presumed to lack subject matter jurisdiction. Ridge, 150 F.3d at 323. The party seeking to invoke Federal jurisdiction must present "affidavits or other competent evidence" demonstrating that jurisdiction is proper. Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). In most cases Federal subject matter jurisdiction rests upon a Constitutional or statutory grant pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Erienet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 515 (3d Cir. 1998).

**C. Sovereign Immunity**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Martinez, 875 F. Supp. at 1071 (quoting, United States v. Mitchell, 463 U.S. 206 (1983)). The terms of the United States' consent set the parameters for the court's jurisdiction to entertain the suit. Id. (citing, United States v. Dalm, 494 U.S. 596, 608 (1990)). Absent a waiver of sovereign immunity, the Federal Government is immune from law suits. United States v. Sherwood, 312 U.S. 584, 586 (1941). The conditional sovereign immunity of the United States extends to its branches and agencies, "including the Postal Service." Id. (citing, Franchise Tax Bd. v. United States Postal Service, 467 U.S. 512, 517 (1984)). Congress has waived the sovereign immunity of certain federal entities from the times of their inceptions and when such waivers occur, they should be liberally construed by courts. Franchise Tax Bd., 467 U.S. at 517-18.

Pursuant to section 401 of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 101 et seq., Postal Services has the power "to sue and be sued in its official name." 39 U.S.C. § 401(1). This section of the PRA has been interpreted as a broad, but not unlimited, consent on the part of the United States to suits against Postal Services. Loeffler v. Frank, 486 U.S. 549, 554 (1988). Congress included this clause in order for Postal Services to be "run more like a business than had its predecessor, the Post Office Department." Franchise Tax Bd., 467 U.S. at 520. The Supreme Court has held that by "launching the Postal Service into the commercial world," and by including the "sue-and-be-sued clause in its charter," Congress has "cast off the Services' cloak of sovereignty and given it the status of a private commercial enterprise."

Loeffler, 486 U.S. at 556.  The Supreme Court has addressed this issue and stated:

> [I]f the general authority to 'sue and be sued' is to be dilimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense.  In the absence of such showing, it must be presumed when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue and be sued' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be.

Franchise Tax Bd., 467 U.S. at 517 (quoting, FHA v. Burr, 309 U.S. 242, 245 (1940)).  Postal Services' immunity is therefore dependent on the type of suit brought against it.  Martinez, 875 F.Supp. at 1072 (citing, Loeffler, 486 U.S. at 554).

### 1. Plaintiff's Claims under Title VII

In this case, Plaintiff has filed claims that allegedly arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  (Plaintiff's Complaint at ¶ 1).  However, in his Complaint Plaintiff states that "during the course and scope of his employment with the [D]efendant, [P]laintiff was discriminated against because of his age and disability.  Because of his age and disability, he was denied without limitation, promotion, job training, employment opportunities and suffered other discriminatory type practices." (Id. at ¶ 4). Title VII prohibits employment discrimination and in 1972, Congress extended Title VII to apply to employment in the Federal Government.  See, Equal Employment Opportunity Act of 1972, 86 Stat. 111, 42 U.S.C. § 2000e-16.  In 1991 Congress again amended Title VII to permit victims of intentional employment discrimination to recover compensatory damages.  See, Civil Rights Act of 1991, 105 Stat. 1072, 42 U.S.C. § 1981a(a)(1).  In the relevant part of that

amendment, it states that a complaining party bringing an action against the Federal Government may recover compensatory damages. Id.  While the amendment goes on to list certain restrictions regarding compensatory damage awards, it is clear that victims of employment discrimination may recover compensatory damages against the Federal Government.

Pursuant to Title VII, Federal employees may bring claims against their employer and may even recover compensatory damages.   If such suits are permissible, it follows that allowing an employee of Postal Services to file a suit against his employer under Title VII will not interfere with a governmental function.  Accordingly, this Court does have jurisdiction to hear Plaintiff's claims under Title VII and Plaintiff's Title VII claims are not dismissed.

### 2. Plaintiff's Claims under the ADA

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.  The ADA defines "public entity" as including "any State or local government" and "any department, agency, . . . or other instrumentality of a State." 42 U.S.C. § 12131(1).  The ADA imposes liability on employers, employment agencies, labor organizations, and joint labor-management committees who discriminate against employees on the basis of their disability.   42 U.S.C. §§ 12111(2), 12112(a).  Under the ADA, the term "employers" does not include the "United States [or] a corporation wholly owned by the government of the United States." 42 U.S.C. § 12111(5)(B).  Postal Services is a branch of the United States government and therefore does not fall under the auspices of the ADA.  See, 39 U.S.C. § 201.  Due to the fact that Postal

Services is not covered by the ADA, the Postmaster General may not be sued under the ADA in his official capacity. This Court does not have jurisdiction to hear Plaintiff's claims under the ADA and Plaintiff's claims under the ADA are dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is **denied** in part and **granted** in part. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   April 13, 2006
Original:   Clerk's Office
Cc:   All Counsel of Record
      The Honorable Mark Falk, U.S.M.J.
      File