NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES E. CLAVIN, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-2812 (DMC) |
| JOHN E. POTTER, POST MASTER : | |
| GENERAL, : | |
| : | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon a motion by John E. Potter, the Postmaster General ("Defendant"), for reconsideration of this Court's April 19, 2006 Opinion and Order granting in part and denying in part Defendant's motion to dismiss for lack of subject matter jurisdiction. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **denied**.

## I. BACKGROUND

      The facts of this matter are described in detail in this Court's April 19, 2006 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On April 26, 2006, Defendant filed a motion for reconsideration and now requests this Court to reconsider that which it previously decided.

## II. Discussion

### A. Standard

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard in order to have a judgement altered or amended. In <u>North River Insurance Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice. A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment." <u>Venen v. Sweet</u>, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered. <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.). However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.). Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey. <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be

granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.). Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision.  Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Stated more simply, a motion for reconsideration is not an appeal.  It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.).  Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Plaintiff's Failure to Meet Standard for Reconsideration

First, it must be noted that neither party appears to have read this Court's April 19, 2006 Opinion that closely where it stated "[t]his Court does not have jurisdiction to hear Plaintiff's claims under the ADA and Plaintiff's claims under the ADA are dismissed."  (See April 19, 2006 Opinion).  Plaintiff's ADA claims are therefore no longer pending before this Court and will not be discussed again in this Opinion.

Here, Defendant's motion fails to show that this Court "overlooked" any of the above listed points.  An argument is not deemed overlooked because it is not specifically addressed in a court's opinion.  Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.).  An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument.  Id.  This

Court did not overlook any of the Defendant's arguments. To the contrary, this Court carefully reviewed and considered each and every argument made in Defendant's motion to dismiss for lack of subject matter jurisdiction. Defendant argued this Court could not hear Plaintiff's Title VII claims due to its sovereign immunity. As discussed in the April 12, 2006 Opinion this Court does have jurisdiction. Defendant may not raise new arguments today that he failed to raise in his original motion to dismiss. The cases put forth to support his argument that Title VII does not protect against discrimination due to disability are not binding on this Court. At this point in the litigation, the Court has no reason to dismiss Plaintiff's Title VII claims for lack of subject matter jurisdiction. The Court has jurisdiction to hear Plaintiff's claims as explained in this Court's April 2006 Opinion.

### III. Conclusion

Defendant has not met the high standard required to achieve success on a motion for reconsideration. For the reasons stated in this Opinion, Defendant's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh  
      Dennis M. Cavanaugh, U.S.D.J.

Date:      June 12, 2006  
Original:   Clerk's Office  
Cc:        All Counsel of Record  
            The Honorable Mark Falk, U.S.M.J.  
            File